T.C. Summary Opinion 2001-134

UNITED STATES TAX COURT

INEZ T. MORIN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6078-00S.          Filed September 4, 2001.

Inez T. Morin, pro se.

<u>Ric Hulshoff</u> and <u>Jordan Musen</u>, for respondent.

PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in

effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $28,449 in petitioner's Federal income tax for the year 1996, and an addition to tax under section 6651(a)(1) of $5,805.04.

We must decide: (1) Whether petitioner is entitled to deduct Schedule C expenses in amounts greater than respondent has determined; (2) whether petitioner has additional self-employment income; and (3) whether petitioner is liable for an addition to tax under section 6651(a)(1).

Petitioner failed to substantiate her deductions on audit. She failed to stipulate matters with respondent before trial. At trial, she refused to stipulate matters which she said were correct. The Court took a long recess for stipulation purposes. Although respondent was willing to concede a number of items in petitioner's favor, she still refused to stipulate. Finally, only after the intervention of the Court, did petitioner stipulate in part.

To the limited extent stipulated, the facts are so found. Petitioner resided in Sylmar, California, at the time her petition was filed.

Petitioner reported $9,240 as other income from services as a notary public. On her Schedule C, Profit or Loss From Business, for "Morin Business Services" (MBS), petitioner

deducted $59,323 in total expenses from $82,528 of gross receipts for a net profit of $23,205. On her first Schedule C, petitioner described MBS as an accounting, bookkeeping, and income tax business. On her second Schedule C for "A Joyful Wedding", which was described as minister services, petitioner deducted $12,871 of total expenses from $13,600 of gross receipts for a net profit of $729.

Respondent disallowed $59,323 of deductions for the first Schedule C and $12,871 for the second Schedule C because petitioner did not establish that the business expenses shown on her return were paid or incurred during the taxable year and that the expenses were ordinary and necessary to her businesses. At trial, respondent conceded that petitioner was engaged in two businesses. Respondent in the notice of deficiency determined that the $9,240 amount reported as other income for notary public services was gross receipts of MBS and was subject to self-employment tax. The notice of deficiency attributed another $3,600 of income to gross receipts of MBS, but respondent conceded this amount at trial.

Deductions are strictly a matter of legislative grace. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Taxpayers must substantiate claimed deductions. Hradesky v. Commissioner, 65 T.C. 87, 89 (1975), affd. per curiam 540 F.2d

821 (5th Cir. 1976). Moreover, taxpayers must keep sufficient records to establish the amounts of the deductions. Meneguzzo v. Commissioner, 43 T.C. 824, 831 (1965); sec. 1.6001-1(a), Income Tax Regs. Section 7491 does not change a taxpayer's obligation to substantiate deductions. Higbee v. Commissioner, 116 T.C. 438 (2001).

Generally, except as otherwise provided by section 274(d), when evidence shows that a taxpayer incurred a deductible expense, but the exact amount cannot be determined, the Court may approximate the amount bearing heavily if it chooses against the taxpayer whose inexactitude is of his own making. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). The Court, however, must have some basis upon which an estimate can be made. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

Section 274(d) imposes stringent substantiation requirements for the deduction of travel expenses, automobile expenses, and entertainment expenses. Taxpayers must substantiate by adequate records certain items in order to claim deductions, such as the amount and place of each separate expenditure, the property's business and total usage, the date of the expenditure or use, and the business purpose for an expenditure or use. Sec. 274(d); sec. 1.274-5T(b), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). To substantiate a deduction by means of adequate records, a taxpayer must maintain an account, book, diary, log,

statement of expense, trip sheet, and/or other documentary evidence, which, in combination, are sufficient to establish each element of expenditure or use.  Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed Reg. 46017 (Nov. 6 1985).  Travel, automobile, and entertainment expenses cannot be estimated under Cohan.  Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969).

Petitioner did not have any books or records.  She did not have a diary, a log, or trip sheets relating to her travel.  At trial, petitioner had little evidence to support many of her claimed deductions.  Many expenses appeared to be personal expenses nondeductible under section 262.  Petitioner provided some substantiation for business expense deductions and respondent conceded that she was entitled to most of those deductions.

Petitioner was asked whether she could provide for MBS: "Any kind of books or records that might show that [she] had any reason to travel that year".  Petitioner's answer was:  "Not with me, no."  Petitioner failed to comply with the strict substantiation rules of section 274(a) and is not entitled to deduct any travel, meals, and entertainment expenses.  As to the claimed $2,378 bad debt deduction for MBS, petitioner said:  "I mean, it's not worth the headache to point out all the returned checks, and matching it [sic] to my deposits" so she conceded

this issue.  Respondent, after reviewing the material petitioner belatedly provided, made substantial concessions.  This should prove to petitioner that a wiser course than the one she followed in this case would be to provide respondent with information when it is requested.

The Court has reviewed the evidence and finds some instances in which we allow petitioner additional deductions under the Cohan rule, keeping in mind the admonition that we bear heavily against petitioner whose inexactitude is of her own making and the concept that we must have some basis upon which an estimate can be made.  The rounded amounts of respondent's concessions, the Court's additional allowances, and the total allowed are set forth below for MBS:

| Expenses | Deductions Claimed | Respondent Conceded | Additional Allowances | Total Allowed |
|----------|-----------|-----------|------------|---------|
| Advertising | $852 | $607 | | $607 |
| Bad Debts | 2,378 | | | 0 |
| Car and Truck | 3,345 | | | 0 |
| Depreciation | 2,896 | | | 0 |
| Legal | 99 | 115 | | 115 |
| Office | 3,516 | | $764 | 764 |
| Business property | 8,100 | 6,700 | | 6,700 |
| Repairs | 188 | | | 0 |
| Taxes/licenses | 1,274 | | 879 | 879 |
| Travels/meals | 310 | | | 0 |
| Utilities | 1,556 | | 454 | 454 |
| Wages | 11,212 | 11,212 | | 11,212 |
| Other Expenses | 23,597 | | 731 | 731 |
| | $59,323 | | | $21,462 |

Accordingly, we find that petitioner is entitled to deduct a total of $21,462 of expenses for MBS.

On her second Schedule C for her Joyful Wedding business, petitioner deducted a total of $12,871 in expenses. The amounts claimed and the rounded amounts respondent conceded are set forth below:

| Expenses | Deductions Claimed | Respondent Conceded |
|---|---|---|
| Advertising | $3,725 | $3,508 |
| Bad debts | 75 | |
| Office | 406 | 438 |
| Bank charges | 194 | 113 |
| Licenses | 7,996 | 7,320 |
| Misc. | 267 | 75 |
| Telephone | 208 | – |
| | $12,871 | $11,454 |

Petitioner did not have any other credible evidence. We find that she is entitled to deduct $11,454 of expenses for the Joyful Wedding business.

Petitioner reported $9,240 as other income from notary public services. Respondent determined that the $9,240 was part of petitioner's gross receipts for MBS and that it was subject to self-employment tax. Income from services as a notary public is not subject to the self-employment tax. Sec. 1402(c); sec. 1.1402(c)-2(b), Income Tax Regs. However, petitioner had no records of a notary public business or any other evidence to show she was entitled to exclude $9,240 from self-employment income. When asked about her notary records, petitioner stated: "It's just a lot of paperwork. I didn't bring that. I didn't bring the details". She did have a notary seal. Accordingly, we allow

her to exclude $100 from self-employment income as income from services as a notary public. The remaining $9,140 is subject to self-employment tax under section 1401. Petitioner is entitled to the corresponding deduction under section 164(f) on all self-employment tax imposed by section 1401.

Section 6651(a)(1) imposes an addition to tax for failure to file a return on time. The addition equals 5 percent for each month that the return is late, not to exceed 25 percent. Additions to tax under section 6651(a)(1) are imposed unless the taxpayer establishes that the failure was due to reasonable cause and not willful neglect. Section 7491(c) does not change the taxpayer's burden of proof in this respect. Higbee v. Commissioner, 116 T.C. 438 (2001). "Reasonable cause" requires a taxpayer to demonstrate that she exercised ordinary business care and prudence. United States v. Boyle, 469 U.S. 241, 246 (1985). Willful neglect is defined as a "conscious, intentional failure or reckless indifference." Id. at 245.

Petitioner's return was untimely filed on July 21, 1997, even though it bore a signature date of April 13, 1997. Petitioner did not show reasonable cause why the return was not timely filed. A comparison of the signature date and the filing date leads to the conclusion that the late filing was due to willful neglect. We conclude that petitioner is liable for an

addition to tax under section 6651(a)(1) for failure to timely file her 1996 return.

Contentions that we have not addressed are moot, irrelevant, or meritless.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered under Rule 155.